﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 200616-91714
DATE: September 29, 2020

ORDER

An initial compensable evaluation for bilateral hearing loss is denied.

An initial evaluation higher than 10 percent for tinnitus is denied.

FINDINGS OF FACTS

1. At worst, the Veteran’s bilateral hearing loss has been manifested by level I hearing in the right ear and level III hearing in the left ear.

2. The 10 percent rating currently in effect for the Veteran’s service-connected tinnitus disability is the maximum schedular rating.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable evaluation for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.10, 4.85, 4.86, Diagnostic Code (DC) 6100.

2. There is no legal basis for the assignment of a schedular evaluation higher than 10 percent for tinnitus. 38 U.S.C. § 1155; 38 C.F.R. § 4.87, DC 6260; Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1967 to September 1971.

The Board notes the rating decision on appeal was issued in February 2020. In June 2020, the Veteran submitted a Notice of Disagreement selecting the Direct Review docket of appeal. Because the Veteran chose the Direct Review docket, the evidence the Board will consider in deciding the appeal is limited to the evidence in the file when the February 2020 rating decision was issued. Medical evidence received after the February 2020 rating decision was issued in addition to facts first alleged in or with the Notice of Disagreement will not be considered.

Increased Ratings

VA has adopted a Schedule for Rating Disabilities to evaluate service-connected disabilities. 38 U.S.C. § 1155; 38 C.F.R. § 3.321; see generally, 38 C.F.R. § Part IV. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. The percentage ratings in the Schedule for Rating Disabilities represent, as far as practicably can be determined, the average impairment in earning capacity resulting from service-connected diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.

1. An initial compensable evaluation for bilateral hearing loss is denied.

The Veteran’s bilateral hearing loss is currently assigned a noncompensable rating. For the following reasons, the Board finds the criteria for a higher evaluation are not satisfied.

Hearing loss is evaluated under 38 C.F.R. § 4.85, DC 6100. In evaluating hearing loss, disability ratings are derived from a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are performed. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). Hearing loss disability evaluations range from noncompensable to 100 percent based on organic impairment of hearing acuity, as measured by controlled speech discrimination tests using the Maryland CNC word list, in conjunction with the average hearing threshold, measured by puretone audiometric tests in the frequencies 1,000, 2,000, 3,000 and 4,000 cycles per second. 38 C.F.R. § 4.85, DC 6100. The rating schedule establishes eleven auditory acuity levels designated from Level I, for essentially normal hearing acuity, through Level XI for profound deafness. See id.

VA audiometric examinations are generally conducted using a controlled speech discrimination test together with the results of a puretone audiometry test. Id. Table VI in 38 C.F.R. § 4.85 is then used to determine the numeric designation of hearing impairment based on the puretone threshold average derived from the audiometry test, and from the results of the speech discrimination test. The horizontal rows in Table VI represent nine categories of the percentage of discrimination based on the controlled speech discrimination test. See id. The vertical columns in Table VI represent nine categories of decibel loss based on the puretone audiometry test. Id. The numeric designation of impaired hearing (Levels I through XI) is determined for each ear by intersecting the horizontal row corresponding to the percentage of discrimination and the vertical column corresponding to the puretone decibel loss. Id.

The percentage evaluation is derived from Table VII in 38 C.F.R. § 4.85 by intersecting the vertical column corresponding to the numeric designation for the ear having the better hearing acuity (as determined by Table VI) and the horizontal row corresponding to the numeric designation level for the ear having the poorer hearing acuity (as determined by Table VI). For example, if the better ear has a numeric designation Level of “V” and the poorer ear has a numeric designation Level of “VII,” the percentage evaluation is 30 percent. See id.

There are alternative criteria for certain exceptional patterns of hearing loss. Specifically, if puretone thresholds in each of the specified frequencies of 1000, 2000, 3000, and 4000 Hertz are 55 decibels or more, an evaluation will be based either on Table VI or Table VIa in 38 C.F.R. § 4.85, whichever results in a higher evaluation. 38 C.F.R. § 4.86(a). Each ear will be evaluated separately. Id.

When the puretone threshold is 30 decibels or less at 1000 Hertz and 70 decibels (dB) or more at 2000 Hertz, the Roman numeral designation for hearing impairment will be chosen from either Table VI or Table VIa under 38 C.F.R. § 4.85, whichever results in the higher Roman numeral, and that numeral will then be elevated to the next higher numeral. 38 C.F.R. § 4.86(b).

The Veteran received a VA examination in February 2020. The report notes the Veteran experiences problems hearing conversational speech, and he cannot hear people when they call his name. He reported having to read lips.

The February 2020 VA examination reflects the Veteran exhibited puretone thresholds, in decibels, as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 30 30 50 65 80

LEFT 35 25 50 80 85

The examination report reflects a puretone threshold average of 56 dB for the right ear and of 60 dB for the left ear. Speech discrimination scores were 92 for the right ear and 88 for the left ear. Based on Table VI, the Veteran had Level I hearing acuity in the right ear and Level III hearing acuity in the left ear. Applying Table VII, the Veteran had noncompensable hearing loss.

Turning to the alternative criteria for exceptional patterns of hearing loss, the above VA examination report shows the Veteran’s puretone thresholds were not 55 dB or higher at each of the relevant frequencies, and he did not have a puretone threshold of 30 decibels or lower at 1000 Hertz, and 70 decibels or higher at 2000 Hertz. Accordingly, the Veteran’s hearing impairment has not exhibited either pattern warranting application of the alternative rating criteria. See 38 C.F.R. § 4.86.

As detailed above, the Veteran’s service-connected hearing loss has not warranted a compensable rating at any point during the appeal period. Accordingly, the claim for an increased initial rating for his hearing loss is denied.

In reaching this determination, the Board has considered the Veteran’s statements regarding the severity and impact of his bilateral hearing loss. At his February 2020 VA examination, the Veteran reported that he had problems hearing conversation and that he had to read lips. He also indicated that he could not hear when people were calling him. The challenges associated with the Veteran’s hearing loss, as described by him, are contemplated by the rating criteria, which are designed to take into account the average impairment resulting from service-connected disabilities, including the impact on employment and occupational functioning. See 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.10. The fact that his hearing loss has not met the criteria for a compensable rating based on the results of the VA examination weighs against a finding that he has additional occupational impairment based solely on his difficulty hearing. Accordingly, the Veteran’s functional impairment does not establish entitlement to a higher rating absent audiometric and speech discrimination scores that satisfy or more nearly approximate the schedular criteria for a compensable rating. See 38 C.F.R. § 4.85; Lendenmann, 3 Vet. App. at 349. Because the preponderance of the evidence weighs against a higher rating, the benefit-of-the-doubt rule does not apply. See 38 U.S.C. 5107; 38 C.F.R. § 3.102.

2. An evaluation higher than 10 percent for tinnitus is denied.

In this matter, the Veteran was granted service connection for tinnitus in a February 2020 rating decision; he was assigned a 10 percent rating from January 15, 2020, the day VA received his claim. He disagrees with the assigned initial rating.

The Veteran asserts entitlement to an evaluation higher than 10 percent for his service-connected tinnitus. For the reasons set forth below, the Board finds an evaluation higher than 10 percent is not warranted under the pertinent diagnostic criteria.

In Smith v. Nicholson, 19 Vet. App. 63, 78 (2005) the U.S. Court of Appeals for Veterans Claims (Court) held that the pre-1999 and pre-June 13, 2003 versions of diagnostic code 6260 required the assignment of dual ratings for bilateral tinnitus. VA appealed this decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). In Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006), the Federal Circuit concluded that the Court erred in not deferring to the VA’s interpretation of its own regulations, 38 C.F.R. § 4.25 (b) and Diagnostic Code 6260, which limit a Veteran to a single disability evaluation for tinnitus, regardless of whether the tinnitus is unilateral or bilateral.

The Veteran’s service-connected tinnitus has been assigned the maximum schedular rating available for tinnitus. 38 C.F.R. § 4.87, Diagnostic Code 6260. As there is no legal basis upon which to award a higher schedular evaluation for tinnitus or separate schedular evaluations for tinnitus in each ear, the Veteran’s appeal must be denied. Sabonis v. Brown, 6 Vet. App. 426 (1994).

 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Buck Denton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.